1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

CHRISTOPHER BRIGGS,

11                     Plaintiff,

        v.

12

13

LEGACY SALMON CREEK
MEDICAL CENTER,

14              Defendant.

CASE NO. 3:25-cv-05053-BHS

REPORT AND RECOMMENDATION

Noting Date: February 7, 2025

15      This matter is before the Court on referral of Plaintiff Christopher Briggs' Motion for

16 Leave to Proceed *In Forma Pauperis* ("IFP") and his Proposed Complaint. *See* Dkts. 1, 1-1; *see*

17 *also* Amended General Order 11-11. Plaintiff proceeds *pro se*.

18      For the reasons set forth below, the Court concludes that Plaintiff's Proposed Complaint

19 fails to state a claim upon which relief can be granted. The deficiencies of the Proposed

20 Complaint cannot be cured with an amendment. Therefore, the Court recommends that this

21 matter be **DISMISSED**, Plaintiff's IFP Motion (Dkt. 1) be **DENIED**, and that this case be

22 **CLOSED**.

23

24

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

In the Proposed Complaint, Plaintiff alleges Defendant Legacy Salmon Creek Medical Center violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Dkt. 1-1. Specifically, Plaintiff asserts Defendant denied his request to opt out of data sharing related to his medical records in violation of his HIPAA rights. *Id*.

# II. DISCUSSION

## A. Proposed Complaint

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

REPORT AND RECOMMENDATION - 2

1   content that allows the court to draw the reasonable inference that the defendant is liable for the

2   misconduct alleged." *Iqbal*, 556 U.S. at 678.

3        Here, in the Proposed Complaint, Plaintiff's sole claim is that his HIPAA rights were

4   violated. Dkt. 1-1. The Ninth Circuit has definitively declared "HIPAA itself provides no private

5   right of action." *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting

6   *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)). Other circuits

7   have explicitly found that HIPAA cannot be enforced through Section 1983. *Adams v. Eureka*

8   *Fire Prot. Dist.*, 352 F. App'x. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private

9   right, it cannot be privately enforced either via § 1983 or through an implied right of action");

10   *Sneed v. Pan Am Hosp.*, 370 F. App'x. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA

11   creates a private cause of action or rights that are enforceable through § 1983"). As HIPAA does

12   not provide a private right of action, the Court concludes Plaintiff's allegations fail state a claim

13   upon which relief can be granted. *See Davenport v. Richards*, No. C06-5334RJB-KLS, 2008 WL

14   2678371, *3 (W.D. Wash. June 30, 2008) (finding the plaintiff's claims relied solely on alleged

15   violations of HIPAA, and because HIPAA provides no private right of action, the claims must be

16   dismissed).

17   **B.**    **Leave to Amend**

18        The Ninth Circuit has "established that a *pro se* litigant bringing a civil rights suit must

19   have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

20   cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

21   As Plaintiff seeks relief solely for an alleged HIPAA violation, he cannot cure the deficiencies of

22   the Proposed Complaint. Therefore, the Court finds Plaintiff should not be given leave to amend

23   the Proposed Complaint.

24

REPORT AND RECOMMENDATION - 3

### III.    CONCLUSION

The Court finds Plaintiff has failed to state a claim upon which relief can be granted. The Court further finds that the deficiencies of the Proposed Complaint cannot be cured with an amendment. Therefore, the Court recommends the case be **DISMISSED** for failure to state a claim and leave to amend not be given. As the Court finds Plaintiff has failed to state a claim, the Court recommends Plaintiff's IFP Motion (Dkt. 1) be **DENIED** and this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 7, 2025, as noted in the caption.

Dated this 24th day of January, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4